266 So.2d 379 (1972)
Shelly SWIFT et al., Appellants,
v.
J.I. CASE COMPANY and Florida Tractor Mart, Inc., Appellees.
No. Q-64.
District Court of Appeal of Florida, First District.
July 18, 1972.
On Rehearing September 26, 1972.
*380 John F. Welch, of Sturgis, Chappell & Welch, P.A., Ocala, for appellants.
John P. McKeever, of Pattillo, MacKay & McKeever, Ocala, and Trinkle, Redman, Clawson & Peavyhouse, Brandon, for appellees.
RAWLS, Judge.
The defendant in a replevin action to recover possession of a certain tractor has taken this interlocutory appeal from a partial summary judgment entered by the Circuit Court for Marion County, holding that the co-plaintiff, J.I. Case Company, is entitled to immediate recovery of possession of the said tractor from the defendant, and awarding damages for detention. The partial summary judgment arose from cross motions by both parties requesting that the trial judge enter such an order. Both parties alleged in their respective motions that "no issues of material fact" existed. Therefore, the partial summary judgment was entered upon a mutually-agreed and uncontroverted set of facts.
The determinative issue to be decided in this interlocutory appeal is whether the trial judge was correct as a matter of law in concluding that under the Uniform Commercial Code plaintiff-appellee J.I. Case Company's perfected security interest in the controverted Dozer tractor was superior to any rights which defendant-appellant Swift Ford Tractor, Inc. had acquired through a series of subsequent commercial transfers concluding in the tractor coming to rest in Swift's possession. We hold that the trial judge was correct and that the law of this case dictates an affirmance of his partial summary judgment although our reasons for affirmance differ from those advanced by the trial judge.
On March 23, 1970, Case Company sold a Dozer tractor to Florida Tractor Mart, Inc. who is a dealer in tractors and other like equipment. This sale was pursuant to a conditional sales contract and on June 1, 1970, Case duly recorded the financing statement. In mid-October of 1970, Tractor Mart delivered possession of the tractor to a Mr. Ray Campbell d/b/a Gator Tractor Company, in accordance with an unwritten lease agreement. Shortly thereafter (October 22) Gator Tractor traded the Dozer tractor to Swift Ford Tractor in exchange for three other items of equipment which were valued at $5,600. Swift bought the tractor without actual knowledge of Case's interest in the machine. Swift next found itself confronted with a replevin action by Case to recover the tractor.
It is undisputed that on June 1, 1970, Case perfected its security interest in the Dozer tractor, which it sold to Florida Tractor Mart by way of a conditional sales contract, by properly filing a financing *381 statement.[1] Once Case's security interest was perfected, it continued, despite the leasing of the tractor by Florida Tractor Mart to Gator.[2] At this point the ultimate question arises: Did Case's security interest continue when Swift bought the tractor from Gator?
In this State a buyer[3] of goods in the ordinary course of business takes free of a perfected security interest.[4] The pivotal point now becomes: Is Swift Ford Tractor Company a "buyer in the ordinary course of business?" To qualify, Swift must show that it bought the Dozer tractor in good faith and without notice that the sale of the tractor by Gator to Swift violated Case's security interest.[5] The requirements for establishing one's self as a "good faith" buyer vary depending on the commercial status of the purchaser. An individual who purchases a tractor for his own personal use is not held to the same degree of sophistication in ascertaining the existence of a security interest on that tractor as is a merchant who regularly deals in the business of buying and selling tractors.[6] The Uniform Commercial Code, which is now the law of Florida, explicitly sets forth the requirements for merchants[7] as follows:
"(b) `Good faith' in the case of a merchant means honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade." (Emphasis added.)
Tractors are costly equipment which are frequently subjected to security interest. Case's financing arrangement with Florida Tractor Mart was not unusual in the tractor merchandizing business nor was Florida Tractor Mart's lease or its loan of the tractor to Gator. Such practices are standard and well known by merchants dealing in farm equipment. A commercially-prudent tractor merchant could not in "good faith," and in compliance with commercial practices of his trade, purchase a tractor from another dealer without first making a record inquiry into the existence of a previously-perfected security interest.
The judgment below is affirmed.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.

ON REHEARING
PER CURIAM.
Upon consideration of the petition for rehearing filed herein by appellants, the last paragraph of the opinion filed herein on July 18, 1972, is withdrawn and there is substituted in its place the following:
"Tractors are costly equipment which are frequently subjected to security interests. Case's financing arrangement with Florida Tractor Mart was not unusual in the tractor merchandising business nor was Florida Tractor Mart's lease or loan of the tractor to Gator. Such practices are standard and well known by merchants dealing in heavy equipment. A commercially prudent tractor merchant may not purchase a tractor from another dealer and thereby acquire title free of any prior recorded security interest without first making a good faith inquiry into the existence of such previously perfected interest. There is no indication in the record before us that this was done by Swift prior to its *382 purchase of the tractor in question from Gator.
"The judgment below is affirmed."
CARROLL, DONALD K., Acting C.J., and WIGGINTON and RAWLS, JJ., concur.
NOTES
[1] F.S. § 679.302, F.S.A.
[2] F.S. § 679.306(2), F.S.A.
[3] The exchange of equipment which took place between Swift and Gator constitutes a sale and Swift would be considered a purchaser. F.S. § 671.201(9), F.S.A.
[4] F.S. § 679.307(1), F.S.A.
[5] F.S. § 671.201(9), F.S.A.
[6] Cf. F.S. § 671.201(19), F.S.A. and F.S. § 672.103(1) (b), F.S.A.
[7] F.S. § 672.103(1) (b), F.S.A.